IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DONALD TAYLOR and
DEBORAH TAYLOR,

      **Plaintiffs,**

v.

                                        Case No. 3:26-CV-00555-NJR

C.J. EASTER, DEREK WISE, KYLE
BACON, and CHRIS FUNKHOUSER,

      **Defendants.**

## <u>MEMORANDUM & ORDER</u>

**ROSENSTENGEL, District Judge:**

This case arises out of the alleged destruction of private property by state and local police. Plaintiffs Donald and Deborah Taylor allege that Defendants Trooper C.J. Easter, State Police Captain Derek Wise, Franklin County Sheriff Kyle Bacon, and Benton Police Chief Chris Funkhouser, acting with and/or through "associated law enforcement personnel," damaged their personal and real property when they "broke[] in" to a building they owned without a warrant or notice to them. (Doc. 2 (Complaint)). These events allegedly caused over $100,000 in damage to Plaintiffs' property, which they seek to recover in this action. (*Id.*).

The case is now before the Court on Plaintiffs' Motions to Proceed in District Court without Prepaying Fees or Costs (Docs. 3, 4). Normally, the fee for filing a complaint and opening a civil case is $405.00. Under 28 U.S.C. § 1915(a)(1), however, an indigent party may commence a federal court action without paying the required costs and fees by

submitting an affidavit asserting her inability to pay the fees, the nature of the action, and the affiant's belief that she is entitled to redress. Destitution is not required to proceed without prepaying fees or costs; an affidavit demonstrating that the plaintiff cannot, because of her poverty, provide herself with the necessities of life is sufficient. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948).

Here, the Court is not satisfied that Plaintiffs are indigent. Donald Taylor states that he receives over $650 per month through his veteran's pension and occasional "odd job income." (Doc. 4). He also states that his wife, Deborah (the other Plaintiff in this action), owns certain real estate free of any mortgage or other encumbrances. (*Id.*). Moreover, the Taylors combined monthly expenses are approximately $600. (*Id.*). Deborah, for her part, reports that she makes $1,200 per month plus around $150 in tips. (Doc. 3). She also had $400 in her checking account when she and Donald filed this action—nearly enough to cover the filing fee without having to tap into the couple's monthly income. (*Id.*). The Court therefore finds that Plaintiffs are not indigent and have sufficient income to pay the filing fee in this matter.

For these reasons, Plaintiffs' Motions to Proceed in District Court without Prepaying Fees or Costs (Docs. 3, 4) are **DENIED**. Plaintiffs must pay the $405 filing fee on or before **July 24, 2026**.

**IT IS SO ORDERED.**

**DATED:  June 24, 2026**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**